

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES BELL,

    Petitioner,

v.

RAYMOND BOOKER,

    Respondent,

_____/

Civil No. 2:07-CV-11070
HONORABLE ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

**F I L E D**

MAR 2 2 2007

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

James Bell, ("petitioner"), presently confined at the Mound Road Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on one count of second-degree murder, M.C.L.A. 750.317; one count of assault with intent to commit murder, M.C.L.A. 750.83; and one count of possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner pleaded guilty to the above charges in the Kent County Circuit Court, in exchange for the Kent County Prosecutor's agreement to dismiss the original first-degree murder charge and a second felony-firearm count. There was also a sentencing agreement that petitioner's minimum sentence would not exceed twenty years. On May

1

31, 2001, petitioner was sentenced to twenty to thirty five years imprisonment on the second-degree murder conviction, twelve to twenty years imprisonment on the assault with intent to commit murder charge, and two years imprisonment on the felony-firearm conviction. Petitioner's conviction was affirmed on appeal. *People v. Bell,* No. 266040 (Mich.Ct.App. December 1, 2005); *lv. den.* 474 Mich. 1130; 712 N.W. 2d 717 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Defendant is entitled to resentencing because the Statutory Sentencing Guidelines were scored as to Offense Variable 5 in violation of the Sixth and Fourteenth Amendment.

## II. Discussion

Petitioner contends that the trial court incorrectly scored Offense Variable 5 of the Michigan Sentencing Guidelines, because the trial court used facts which had not been admitted to by petitioner at his guilty plea or proven beyond a reasonable doubt before a jury.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are

2

attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's sentences were within the statutory limit under Michigan law for the crimes of second-degree murder, assault with intent to commit murder, and felony-firearm. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741 (1948); *Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall,* 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook,* 56 F. Supp. 2d at 797. Petitioner has no

3

state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that Offense Variable 5 of the Michigan Sentencing Guidelines was incorrectly scored fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752; *Cook,* 56 F. Supp. 2d at 797. "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.; See also Kopsolias v. Davis,* No. 2007 WL 201024, * 2 (E.D. Mich. January 23, 2007).

Petitioner, however, also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey,* 530

4

U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington,* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely,* 542 U.S. at 304-05, 308-09. Because

5

*Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. See *Mays v. Trombley,* 2006 WL 3104656, * 3 (E.D. Mich. October 31, 2006); *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006); *George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. January 20, 2006).

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

DATED: March 22, 2007

ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail **(James Bell, # 370179, Mound Correctional Facility, Detroit, MI 48212-1300)** disclosed on the Notice of Electronic Filing on March 22, 2007.

s/Johnetta M. Curry-Williams
Case Manager