FILED
MAY 1 1 2007
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BELL,

    Petitioner,

v.

RAYMOND BOOKER,

    Respondent,

_____/

Civil No. 2:07-CV-11070
HONORABLE ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY

On March 22, 2007, this Court issued an opinion and order summarily denying petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Bell v. Booker*, 2007 WL 869169 (E.D. Mich. March 22, 2007). On April 4, 2007, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit, which this Court construes as a request for a certificate of appealability.[1] For the reasons stated below, the Court denies petitioner a certificate of appealability.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability

---

[1] *See Luberda v. Trippett*, 211 F. 3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States*, 157 F. 3d 444, 447 (6th Cir. 1998).

1

shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

Petitioner contended that the state trial court incorrectly scored an offense variable for his minimum sentencing range under the Michigan Sentencing Guidelines. Petitioner further alleged that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for scoring this offense variable.

The Court summarily dismissed Petitioner's habeas application, because his sentences were within the statutory limits under Michigan law for the criminal offenses that he was convicted of. A sentence imposed within the statutory limits is not generally

subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). The Court rejected petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range as being noncognizable on federal habeas review, because it is essentially a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook*, 56 F. Supp. 2d at 797. Lastly, the Court rejected Petitioner's Sixth Amendment claim, because *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) do not apply to indeterminate sentencing schemes like the one used in Michigan.

In the present case, this Court summarily dismissed Petitioner's habeas application without requiring an answer from the state. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979). In addition, because a federal habeas court has no jurisdiction to grant relief on a violation of state law, the Court declines to grant a certificate of appealability on the issue of whether the Michigan courts improperly scored petitioner's sentencing guidelines range. *See Stringer*

3

v. *Williams*, 161 F. 3d 259, 261 (5th Cir. 1998). Moreover, because petitioner failed to show that his sentence constituted cruel and unusual punishment, a certificate of appealability should not be granted. *See United States ex. rel. Williams v. State of Delaware*, 341 F. Supp. 190, 192 (D. Del. 1972). Finally, the Court declines to grant a petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of Petitioner's *Blakely* claim to be debatable. *Toothman v. Davis*, 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006). The Court will therefore deny petitioner a certificate of appealability.

## ORDER

IT IS ORDERED that a certificate of appealability is **DENIED**.

DATED: May_11_, 2007

ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail **(James Bell, # 370179, Mound Correctional Facility, Detroit, MI 48212-1300)** disclosed on the Notice of Electronic Filing on May _11_, 2007.

s/Johnetta M. Curry-Williams
Case Manager